VAN BRUNT, P. J.
—This action was brought to recover damages from the defendant for a collision occurring on the 11th day of September, 1889, in which the bark, J. W. Dresser, which was lying moored at a dock in the city of Brooklyn, was run into and injured by a scow in tow of the tug Dassori, which tug and scow belonged to the city of ¡New York. It appears from the evidence that the tug was towing two scows belonging to the city into ¡Newtown Creek, that there was a stiff wind blowing at the time, and that one of the hawsers extending from the tug had given away, when the strain came-upon the other hawser, it carried away the bitt upon the scow to which it was fastened. The tug thus lost all control of the-scows, and they were carried by the tide, if not by the wind, against the bark in question. There is a dispute in the evidence as .to the direction in which the wind was blowing, it being claimed upon the part of the plaintiff that it was blowing from the north or northeast, the tide running' up, and upon the part of the defendant that it was blowing from the. southeast.
It is urged upon the part of the plaintiff that the verdict was against the weight of evidence. In answer to this objection, it was stated in the points of the respondent’s counsel that, as the case did not contain the proper certificate that it contains all the evidence, no question of fact could come before this court for review. Upon the attention of counsel being called to this objection, and to the fact that the case did not contain this statement, the objection was waived on the-argument by the counsel for the respondent, and it was admitted that the case did contain all the evidence taken upon the *1024 trial. Upon a consideration of the evidence, however, it does not seem that, if the jury were properly instructed as to the law of the case, the verdict was against the evidence. It is undoubtedly true that, where a moving vessel collides with a vessel which is moored to a wharf, the burden of showing that the collision was caused by inevitable accident is upon the defendant. The jury were justified in finding, from the evidence in this case, that the tow was properly managed, that it was properly attached to the tug, and that upon the breaking of the hawsers the action of the captain was such as a prudent man would take; and with this conclusion of the jury it does not seem to us that we can interfere.
This brings us to the exceptions to the charge, and in this it ■seems to us that error was committed. The court charged that, in order to entitle the plaintiff to recover in this action, he must satisfy the jury that the defect in the bitt existed for such a length of time as to justify the presumption that the city had constructive notice of its existence, or that it had actual notice; that the defective condition of the bitt had existed sufficiently long to have imposed a duty upon the city in reference to its repair; and that if, upon the evidence, the fact is not established that this condition was known or had existed long enough to charge the defendant with notice of any latent defect, the- defendant is not guilty of negligence, and the plaintiff cannot recover. To these portions of the charge exception was duly taken. It seems to us that the court placed the burden of proof upon the wrong party in thus stating the rule of law. It was for the defendant to clear itself of negligence. It was not for the plaintiff to show that the collision was the result of the defendant’s negligence. The plaintiff’s vessel was lying moored to a wharf, in a safe position. The defendant’s vessel, moving, collided with it; and it is apparent that the defendant is called upon to excuse itself for causing the injury thereby resulting. Instead of requiring the defendant to do this, the learned court, by the charge in question, required the plaintiff to show affirmatively that the defendant had been guilty of negligence. This, we think, was shifting the burden of proof, and was not requiring the defendant to prove that which it was compelled to prove in order to escape the result of the injury which had been inflicted by its own vessel.
The evidence in the case showed that it was a common thing in other boats for these bitts to pull out, and that upon going to sea this bitt had been pulled out of the scow- in question. The boatman in charge of the scow swore that he had looked at the bitt in question, but he does not appear to have examined it closely. Upon this condition of the proof, the jury may very well have thought that the plaintiff had not' established the fact that this bitt had been' out of order the length of time required by the charge to place the defendant in default; whereas, upon the same evidence, they might also have come *1025 to the conclusion that the defendant had not shown that it had used such diligence as would absolve it from the charge of negligence. The difficulty in the case seems to have been caused by applying the rule which obtains in reference to the condition of the streets, etc., in the city, which rule has no application to those casés where the city is the aggressor, as in the case at bar.
Tor these reasons, we are of opinion that the judgment was erroneous and that the judgment and order appealed from should be reversed, and a new trial ordered with costs to appellant to abide event.
All concur.